994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Flavio Fonseca CANIZALES, Appellant.
 No. 92-3661.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1993.
Filed: June 3, 1993.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Flavio Fonseca Canizales appeals the 168-month sentence imposed on him by the district court[1] following his guilty plea to conspiring to distribute and to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. He challenges the amount of cocaine attributed to him, the increase of his sentence for obstruction of justice, and the denial of a reduction for acceptance of responsibility. We affirm.
 
 
 2
 The presentence report (PSR) set Canizales's base offense level at 34 under U.S.S.G. § 2D1.1(c)(5) (at least fifteen but less than fifty kilograms of cocaine). The PSR recommended a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice and denial of a two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. With a total offense level of 36 and criminal history category of III, the Guidelines range was 235 to 293 months. Canizales objected to several factual statements in the PSR concerning his involvement in the conspiracy and to the calculation of his offense level.
 
 
 3
 At the sentencing hearing, Martha Engert, the former girlfriend of co-conspirator Raul Camarena, testified for the government regarding her observations of Canizales's involvement in the conspiracy. Canizales and his brother and co-conspirator, Cesar Canizales (Cesar), testified for the defense. The district court found that Canizales was involved in a conspiracy to distribute cocaine with Camarena, Cesar, and others, and that Canizales was aware that large amounts of cocaine were being obtained by his co-conspirators. The court also found "by the greater weight of the evidence" that at least five but less than fifteen kilograms were reasonably foreseeable to Canizales, and set his base offense level at 32. See U.S.S.G. § 2D1.1(c)(6). The district court also found that Canizales had testified untruthfully at the sentencing hearing when he claimed that he sold no cocaine until December 1991, that he did not know the quantities of cocaine that Camarena was dealing, that he was never present at conversations where quantities were discussed, and that he first realized in December 1991 that Camarena was delivering cocaine to other persons. The court increased Canizales's offense level by two for obstruction of justice and denied him a two-level reduction for acceptance of responsibility. The district court reduced Canizales's criminal history category to II, finding that one of his prior convictions could not be counted because it had occurred more than ten years before the commencement of his present offense. With a total offense level of 34 and a criminal history category of II, Canizales's Guidelines range was 168 to 210 months. The court sentenced him to 168 months imprisonment and five years supervised release.
 
 
 4
 Under the Guidelines, a defendant "is accountable 'for all quantities of contraband with which [he] was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that [he] jointly undertook.' " United States v. Edwards, Nos. 91-2611, 91-2612, 91-2677, 91-2929, slip op. at 10 (8th Cir. Mar. 30, 1993) (quoting U.S.S.G. § 1B1.3, comment. (n.2)). We may not overturn a district court's findings as to the amount of drugs attributable to a defendant unless they are clearly erroneous. United States v. Alexander, 982 F.2d 262, 267 (8th Cir. 1992).
 
 
 5
 In finding that Canizales was involved in a conspiracy to distribute cocaine with Camarena, Cesar, and others, the district court implicitly credited Engert's testimony and discredited the portions of Canizales's and Cesar's testimony that contradicted Engert's testimony. Engert was the only person to testify that, beginning in late 1990 and early 1991, Canizales was aware Camarena and Cesar were obtaining large amounts of cocaine in Texas and California, that Canizales asked Camarena for some of this cocaine to sell to other people, that Camarena and Cesar gave Canizales cocaine, and that Canizales sold at least part of this cocaine to others. A district court's findings on questions of witness credibility are entitled " 'to particularly great deference.' " United States v. Edwards, slip op. at 10 (cited case omitted); see United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993) (district court's findings on witness credibility are virtually unreviewable). We conclude the district court did not err in crediting Engert's testimony over that of Canizales and Cesar.
 
 
 6
 We also conclude the district court did not err in finding by the greater weight of the evidence that Canizales was accountable for more than five but less than fifteen kilograms of cocaine. In order to hold Canizales accountable for that amount of cocaine, it was not necessary for the court to find that he actually knew that his co-conspirators had obtained that amount. Rather, the court was required to find only that that amount was reasonably foreseeable to him. United States v. Adipietro, 983 F.2d at 1476. The record supports the district court's foreseeability finding. Cesar testified that he and others had obtained substantially more than eight kilograms of cocaine in Texas, and had obtained additional amounts in California. Engert testified that Canizales was sometimes present when Cesar and Camarena discussed their trips to obtain cocaine, and that he was present on at least one occasion when Camarena and Cesar were breaking down a quantity of cocaine they had received. Canizales himself had testified to the grand jury that he heard that another co-conspirator had brought Camarena "kilos" of cocaine from Texas.
 
 
 7
 The Guidelines require a two-level increase in a defendant's offense level if he willfully obstructs or attempts to obstruct the administration of justice during sentencing. U.S.S.G. § 3C1.1. Perjury at a sentencing hearing justifies the two-level enhancement. See section 3C1.1, comment. (n. 3(b)) (including perjury in list of conduct justifying enhancement). A district court's findings in support of the enhancement are reviewed for clear error. United States v. Adipietro, 983 F.2d at 1479. We conclude the district court did not clearly err. The record supports the court's findings that Canizales testified untruthfully at his sentencing hearing regarding his own involvement in obtaining and distributing cocaine and his awareness of his co-conspirators' conduct. In light of the district court's finding that Canizales had obstructed justice, the district court also properly denied him a reduction for acceptance of responsibility. See United States v. Todd, 963 F.2d 207, 211 (8th Cir. 1992).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska